UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund Cokley, | ) C/A: 9:12-881-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| R. Mack; W. Pugh; C. Thompson; M. Wattas; AW L. Braidshaw; Bill NLN; SCDC dealer Byins; Warden Knowling; Major S. Sutton; Ms. NFN Byod; SCDC Director Byars, | ) |
| Defendants. | ) |

Plaintiff, Edmund Cokley ("Plaintiff"), is a state prisoner in the Turbeville Correctional Institution ("TCI") of the South Carolina Department of Corrections ("SCDC") in Turbeville, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983, seeking monetary damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

1



Further, although this Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Finally, this Court is also required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff alleges that he was notified on September 14, 2011 by the South Carolina Department of Probation, Parole and Pardon Services that "[Plaintiff] was to be granted parole[;] that [Plaintiff] made parole and would be[] goin[g] home o[n] Oct. 14th 2011." Plaintiff alleges that

2



before he "made parole," however, he "had got[en] a[n] institution charge." Plaintiff alleges that he signed his release papers, but Defendant Major Sutton and Defendant R. Mack told him he could not be released. Plaintiff alleges that he then talked with Defendant Assistant Warden L. Braidshaw, who told Plaintiff that she didn't care what the parole office said, Plaintiff was not going anywhere. Plaintiff alleges that he then talked to the other named Defendants, all of whom told him that he could not be released because he had "got[ten] into it with the officers" and he was "goin[g] to try to sue us." Plaintiff's Complaint provides no details about how he "got into it with the officers" and the nature of his "institution charge." The undersigned, however, has taken judicial notice of Plaintiff's previous proceedings in this Court, stemming from alleged disciplinary incidents on September 3, 2011 and September 14, 2011 at TCI, which are the subjects of two previous § 1983 actions filed by Plaintiff, in which Plaintiff alleges excessive force and medical indifference claims against Defendant AW Braidshaw and other (different) TCI staff members.[1]

Plaintiff alleges that he has been unlawfully held in violation of his "federal and state due process right to be informed of why [his] parole [has] been revoked by[] state law," and that he has been "kidnapped" and "h[e]ld against [his] will." Plaintiff alleges that he told the Defendants he should have been "taken back before the parole [board] to revoke[] [his] parole," but that the Defendants said they could do whatever they wanted. *See* ECF No. 1, p. 3-5. Plaintiff alleges that

---

[1] *Cokley v. Sharpe, et al.*, C/A No. 9:12-396-RMG-BM (D.S.C.), filed on February 13, 2012, concerns the alleged incident on September 3, 2011 and is presently pending. An order authorizing service of process on the eighteen defendants in the case was filed on April 25, 2012. A prior case, *Cokley v. Sharpe, et al.*, C/A No. 9:11-2596-RMG-BM (D.S.C.), filed on September 28, 2011, concerns the alleged incident on September 14, 2011, and was summarily dismissed without prejudice, on October 27, 2011 after Plaintiff failed to bring the case into proper form. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3



he filed a grievance on October 21, 2011, which was denied on November 29, 2011. Plaintiff alleges that he pursued a step 2 grievance, but was told "that [Plaintiff has] . . . to take that up with the parole office." ECF No. 1, p. 2. Plaintiff seeks $1500 per day in damages, for "every day [Plaintiff] s[a]t here from Sep[t] 14th to now." ECF No. 1, p. 5.

## DISCUSSION

The United States Supreme Court has held that, in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. The preclusive rule of *Heck* has been extended to § 1983 claims challenging procedural deficiencies which imply the invalidity of inmate disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) [prisoner cannot challenge prison procedures that deprived him of good-time credits seeking declaratory relief and money damages if the challenge would "necessarily imply the invalidity of the punishment imposed."].

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court stated that, to the extent that administrative determinations "do not . . . raise any implication about the validity of the underlying conviction" and do not "affect the duration of time to be served," *Heck* is not implicated. However, where success in a prisoner's § 1983 damages action would implicitly question the validity

4



of a conviction or the duration of a sentence, *Heck* continues to bar such a claim, unless and until the litigant first achieves a favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence on which his § 1983 claim is based.[2] *Muhammad* also reconfirmed *Heck's* general rule, with respect to state prisoners seeking federal relief on complaints related to imprisonment, that: (1) challenges to the validity of any confinement or to particulars affecting its duration are the province of a habeas corpus petition under 28 USCS § 2254; but (2) requests for relief turning on circumstances of confinement properly may be presented in a civil rights action under § 1983.

The United States Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In *Heck v. Humphrey* the Supreme Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 481 ["Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."]. In *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of *Preiser* and *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action.

---

[2]The Supreme Court has not conclusively decided if a *former* inmate can file a § 1983 claim when his habeas avenue to federal court has been foreclosed. *See Muhammad*, 540 U.S. at 752 n. 2.
5



*Heck's* applicability to actions challenging the validity of parole proceedings is also well established. *See, e.g., White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997) ("A § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the 'fact or duration of [the plaintiff's] confinement'" and is barred by *Heck*); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*Heck* "applies to proceedings that call into question the fact or duration of parole or probation."); *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits."); *McGrew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) ("Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element"); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995). The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has agreed that *Heck* applies to § 1983 claims seeking damages for alleged constitutional violations involving parole proceedings. *See Husketh v. Sills*, 34 Fed. Appx. 104, 2011 U.S. Dist. LEXIS 96265, 2002 WL 924288 (4th Cir. 2002) (the preclusive rule of *Heck* extends to parole decisions); *see also Gibbs v. South Carolina Dep't of Probation, Parole & Pardon Svcs.*, 1999 U.S. App. LEXIS 340, at *6-8 (4th Cir. 1999). Further, this District Court has previously held that *Heck* bars damages claims alleging the invalidity of prison disciplinary convictions and parole revocations if the plaintiff has not proven that the disciplinary conviction or parole revocation has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

6



called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *See Curtis v. Ozmit*, C/A No. 3:10-3053-CMC-JRM , 2011 U.S. Dist. LEXIS 14236 at *14-16, (D.S.C. 2011).*Duncan v. Cook*, C/A No. 8:09-1186-MBS-BHH, 2010 U.S. Dist. LEXIS 13197 (D.S.C. 2010) adopted by, summary judgment denied by, summary judgment granted by, motion denied by, as moot 2010 U.S. Dist. LEXIS 13124 (D.S.C., 2010)

In the instant action, Plaintiff clearly alleges the invalidity of his current confinement, as Plaintiff seeks monetary damages for "every day I s[i]t here unlawfully and they['re] kidnappin[g] me [and] hold[ing] me unlawfully." ECF No. 1, p. 5. However, Plaintiff does not allege that the lawfulness of his confinement has been successfully challenged. Further it is apparent from a plain reading of the Complaint that Plaintiff did not even exhaust his administrative remedies before filing this lawsuit. Plaintiff alleges that that he filed Step 1 and Step 2 grievances with the result "that I got to take that up with parole office." ECF No. 1, p. 2. However, Plaintiff does not allege that he pursued and exhausted his administrative remedies by appealing the denial of his Step 2 grievance to the South Carolina Administrative Law Court ("SCALC"). It is well settled that a prisoner who wishes to attack a conviction or sentence imposed by a prison disciplinary official must exhaust both steps of the prison grievance process and also appeal the Step 2 decision to the SCALC before his administrative remedies may be said to be exhausted. *See SCDC Inmate Grievance System Procedures Issued October 1, 2010*, Numbers 13.6 - 13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); *Furtick v. South Carolina Dept. of Corr.*, 649 S.E.2d 35 (S.C. 2007); *see also Dicks v. South Carolina Dept. Of Corr.*, No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006).

7



**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 10, 2012
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

