IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund Cokley, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 9:12-881-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| R. Mack; W. Pugh; C. Thompson; M. ) | |
| Wattas; AW L. Braidshaw; Bill NLN; ) | |
| SCDC dealer Byins; Warden Knowling; ) | |
| Major S. Sutton; Ms. NFN Byod; SCDC ) | |
| Director Byars, ) | |
| ) | |
| Defendants. ) | |

In this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, is seeking monetary damages pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this action was referred to the United States Magistrate Judge for all pretrial proceedings. On May 10, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 10). The Magistrate Judge instructed Plaintiff regarding the process for filing specific written objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 9). On May 24, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 13). As explained herein, the Court has reviewed the record and the relevant law and now adopts the Magistrate Judge's Report and Recommendation in its entirety and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

1

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In the case *sub judice*, Plaintiff is a state prisoner seeking monetary damages pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he should have been released from prison on October 14, 2011, but is being held unlawfully because he "got into it with the officers." (Dkt. No. 1 at 3). However, as thoroughly explained in the Magistrate Judge's Report and Recommendation, the United States Supreme Court has held that, in order to recover damages pursuant to § 1983 for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The rule from *Heck* has been extended to § 1983 claims challenging procedural deficiencies which imply the invalidity of inmate disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997). Plaintiff does not allege that he has successfully challenged his disciplinary charge or his underlying

conviction. Further, as explained in the Magistrate Judge's Report and Recommendation, Plaintiff has not exhausted his administrative remedies before filing this lawsuit.

## Conclusion

For the foregoing reasons, the Court agrees with and wholly adopts the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 4, 2012
Charleston, South Carolina